# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROLAND CRITCHFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>BLAZIN WINGS, INC., dba BUFFALO WILD WINGS, BUFFALO WILD WINGS GRILL & BAR, a foreign corporation; and JOHN DOES I-V,<br><br>Defendants. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 25)**<br><br>Case No. 2:15-cv-00794-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Blazin Wings, Inc.,[1] ("Blazin Wings"), moves for summary judgment.[2] (Defs.' Mot. for Summ. J. & Inc. Mem. in Supp. (Mot.), ECF No. 25.) Plaintiff, Roland Critchfield, alleges that on the night of February 7, 2014, Blazin Wings negligently, through its actions or inactions, caused Mr. Critchfield to fall on a wet, soapy floor and injure himself in its Sandy, Utah restaurant. (Compl. 2-3, Exh. B, ECF No. 2.) Having carefully considered the parties' memoranda, the record in this case, oral arguments, and the law, viewing all facts in the light most favorable to Mr. Critchfield, the Court GRANTS Blazin Wings summary judgment on the negligence claim because Blazin Wings did not owe Mr. Critchfield a duty.

## STANDARD OF REVIEW

Courts grant summary judgment when the pleadings, the discovery materials on file, and any affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only facts "essential to the proper

---

[1] The parties agree that the proper Defendant in this case is Blazin Wings.
[2] The parties have consented to jurisdiction by the undersigned Magistrate Judge. (Jt. Statement of Parties/Consent, ECF No. 7.)

disposition of a claim" qualify as material.  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).  "'[W]here the non moving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment."  *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).  When applying the summary judgment standard, the Court views "[t]he factual record and reasonable inferences therefrom … in the light most favorable to the party opposing summary judgment." *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).

## FACTUAL BACKGROUND

The Court considers the following facts in determining the Motion for Summary Judgment.  All facts come from parties' briefings and accompanying exhibits.  The undersigned resolves all disputed issues of material fact in favor of Mr. Critchfield.

On February 7, 2014, around 10:15 p.m., Roland Critchfield drove to the Buffalo Wild Wings Bar & Grill restaurant in Sandy, Utah.  (Videotaped Dep. of Roland Critchfield (Critchfield Dep.) 68, 71, 73, Exh. A, ECF No. 25-2.)  Before joining the group he planned to meet, Mr. Critchfield went immediately to the bathroom.  (*Id.* at 73.)

Entering the bathroom, Mr. Critchfield noticed a small yellow sign on the floor by the urinal saying "Caution Wet Floor."  (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Opp'n"), Facts ¶¶ 2, 12, ECF No. 27.)  Mr. Critchfield recognized the sign to indicate wet floor, walk with caution.  (*Id.* at ¶¶ 3-6.)  Upon taking approximately four steps into the room, Mr. Critchfield perceived wetness underfoot and felt uncomfortable.  (*Id.* at ¶ 12.)  Mr. Critchfield observed "more water than you would expect to see on a public restroom floor

indicating that either a toilet had overflowed or perhaps cleaning hadn't been finished." (*Id.* at ¶ 13; Defs.' Reply in Further Supp. of Their Mot. for Summ. J. ("Reply"), Facts ¶ 13, ECF No. 28.)

Using "extreme caution" Mr. Critchfield made his way to the urinal. (Opp'n Facts ¶ 6, ECF No. 27.) Mr. Critchfield finished at the urinal and headed toward the sink. (*Id.* at ¶ 8.) Before reaching the sink, Mr. Critchfield slipped and fell hurting himself. (Critchfield Dep. 75-76, ECF No. 25-2.) Mr. Critchfield then got up, washed off at the sink, exited the restroom, and joined his party at the table. (*Id.* at 76-77, 98.) Mr. Critchfield completed a "Guest Statement" describing the incident before leaving the restaurant. (Critchfield Dep. Exh. 7, ECF No. 25-2.)

Mr. Critchfield attempts to create an issue regarding the size of the wet area on the floor. (Opp'n Facts ¶¶ 16-17, ECF No. 27.) The Court finds the issue not genuinely disputed.

During Mr. Critchfield's deposition, Mr. Critchfield testified to the portion of bathroom floor he perceived as wet. (*See* Critchfield Dep. 97-98 & Exh. 1, ECF No. 25-2.) This wet area appears adjacent to the urinal Mr. Critchfield selected and between the urinal and the location of the yellow caution sign. (*See* Critchfield Dep. 96-97 & Exh. 1, ECF No. 25-2.) By contrast Mr. Critchfield's subsequent declaration states, "[t]he entire restroom floor was wet and slippery." (Pl.s' Decl. in Opp'n to Defs.' Mot. for Summ. J. (Critchfield Decl.) ¶ 5, Exh. B, ECF No. 27.) The area of wetness Mr. Critchfield testifies to in his deposition directly conflicts with the area of wetness he identifies in his declaration.

At summary judgment, courts disregard affidavits that contradict earlier deposition testimony when they conclude the affidavit reflects an attempt to create a sham dispute of fact. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The Court utilizes the following factors to determine whether Mr. Critchfield has attempted to create a sham disput of fact: whether "(1)

3

the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain." *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 973 (10th Cir. 2001).

In addition to his drawing on the photograph of the bathroom at his deposition showing the area of the wet floor, Mr. Critchfield made other statements at his deposition corroborating the notion that the wet area did not cover the entire bathroom floor. For example, Mr. Critchfield notes that he perceived the wetness underfoot four steps into the bathroom. (Opp'n Facts ¶ 12, ECF No. 27.) Had the entire floor been covered with "more water than you would expect to see on a public restroom floor indicating that either a toilet had overflowed or perhaps cleaning hadn't been finished," Mr. Critchfield would have felt the water underfoot immediately. (*See id.* at ¶ 13; Reply, Facts ¶ 13, ECF No. 28.) Furthermore, four steps into the bathroom would certainly bring Mr. Critchfield into the area of wetness indicated during his deposition. (*See* Critchfield Dep. Exh. 1, ECF No. 25-2.)

As to the first factor in determining whether to exclude the affidavit, Mr. Critchfield made all the above-cited deposition statements during the portion of the deposition conducted by counsel for Blazin Wings, not Mr. Critchfield's attorney, thus making the statements under cross-examination. (*See* Critchfield Dep. 3, ECF No. 25-2.) Regarding the second factor, Mr. Critchfield possessed access to the pertinent evidence at the time of his deposition because the testimony relates to his personal perception of the prior incident. (Critchfield Dep. 68, 71, 73, 97-98, ECF No. 25-2.) Turning to the third factor, Mr. Critchfield's deposition testimony did not leave any lingering confusion on this point. In fact, Mr. Critchfield drew the area of wetness

during his deposition in response to the question – "Now, with respect to the spread of the water, as you recall it today, is there any way that we can draw an area where the water would have been on the day of the incident, or the evening of the incident to reflect where the floor was wet all the way from, you know, a tile or two, or four, to the entire floor? I mean, do you remember the area that you think was wet?" (*See* Critchfield Dep. 97, ECF No. 25-2.) Mr. Critchfield answered, "That I know was wet?" and indicated the area of wetness by drawing the circle onto the photograph of the bathroom. (*See id.* at 97-98 & Exh. 1, ECF No. 25-2.) In sum, all three factors clearly align against consideration of the declaration.

By including the assertion in his declaration that the soapy water covered the entire floor, Mr. Critchfield attempts to create an issue of fact regarding the extent of the wetness. Whether soapy water covered a portion of the floor near the urinal or the entire floor changes the potential duty owed by Blazin Wings. Thus, the size of the area covered by the soapy water constitutes a material fact. Summary judgment requires the Court to assume all material factual disputes in the non-moving party's favor. *Byers*, 150 F.3d at 1274. Should this dispute reflect a legitimate disagreement, the Court would have to find soapy water covered the entire bathroom floor. Because this finding could increase the duty, if any, that Blazin Wings owed with regards to the condition, Mr. Critchfield has a strong incentive to contradict his earlier testimony to allow his claims to survive summary judgment. However, Mr. Critchfield deserves no favorable inference drawn from a sham factual dispute he created. "[T]he the utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony." *Franks*, 796 F.2d at 1237. Therefore, the Court excludes Mr. Critchfield's declaration on this

point, (Critchfield Decl. ¶ 5, ECF No. 27 ("The entire restroom floor was wet and slippery.")), from consideration as an attempt to create a sham issue of fact.

At oral argument, Mr. Critchfield's counsel argued that Mr. Critchfield's declaration supplemented his earlier deposition. Counsel relies upon the following exchange:

> Q: Now, with respect to the spread of the water, as you recall it today, is there any way that we can draw an area where the water would have been on the day of the incident, or the evening of the incident to reflect where the floor was wet all the way from, you know, a tile or two, or four, to the entire floor? I mean, do you remember the area that you think was wet?
>
> A: That I know was wet?
>
> Q: Sure.
>
> A: Would have been right there.

(Critchfield Dep. 97, ECF No. 25-2.) Mr. Critchfield's counsel contends, without a declaration or evidence, that this testimony reflects an ambiguity. Specifically, counsel argues his client may have meant he knew the part of the floor he fell on was wet, but he did not know about the rest of the bathroom floor. Therefore, the later declaration supplements, not contradicts, the prior deposition. Following this line of argument, Mr. Critchfield's later declaration nonetheless fails because it would then allege facts outside of Mr. Critchfield's personal knowledge. "Information presented in the nonmovant's affidavit must be 'based on personal knowledge.'" *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1201 (10th Cir. 2015) (quoting *Garrett v. Hewlett–Packard Co.,* 305 F.3d 1210, 1213 (10th Cir. 2002)). Affidavits premised on "mere speculation, conjecture, or surmise" fall outside the ambit of evidence properly considered at the summary judgment stage. *Id.* (quoting *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004)). If Mr. Critchfield did not know whether soapy water covered the rest of the bathroom floor, he cannot testify it did.

6

That Mr. Critchfield made no allegation in his declaration explaining what he meant in his deposition or suggesting he was confused or mistaken in his answer diminishes the value of his declaration on this point. On a motion for summary judgment, the party opposing the motion must come forward with evidence that the party could present in admissible form at trial to demonstrate a material issue of fact. Fed. R. Civ. P. 56(c). Despite having full access to his client and eliciting a declaration on this key issue, Mr. Critchfield's counsel offers only his own conjecture about what Mr. Critchfield meant in his deposition and what he means in his declaration. Conjecture does not create a disputed issue of fact.

For the reasons discussed above, the Court finds the facts alleged by Mr. Critchfield in his declaration regarding the extent to which soapy water covered the floor inadmissible on summary judgment either as contradictory to his prior sworn, cross-examined testimony or as not based on personal knowledge.

## DISCUSSION

For a plaintiff to prevail on a negligence claim he must establish four elements: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused (4) the plaintiff to suffer legally compensable damages." *Cope v. Utah Valley State Coll.*, 2014 UT 53, ¶ 11, 342 P.3d 243, 248. Defendant Blazin Wings contends it did not owe Mr. Critchfield a duty of care. (Mot. 10, ECF No. 25.) Blazin Wings argues in the alternative, even if a duty existed, it did not breach the duty. (*Id.* at 13.) Because the Court finds Blazin Wings did not owe Mr. Critchfield a duty of care, it never reaches the issue of whether Mr. Critchfield can put forth sufficient evidence from which a rational jury could find breach.

7

## I. Blazin Wings Did Not Owe Mr. Critchfield a Duty of Care

Both sides agree that Blazin Wings possessed the land at issue and that Blazin Wings invited Mr. Critchfield onto the property, making him an invitee. (*See* Opp'n 2, ECF No. 27; *see* Mot. 2, ECF No. 25.) Both sides further agree that sections 343 and 343A of the Restatement (Second) of Torts define the duty of care owed under such circumstances. (*See* Opp'n 2-3, ECF No. 27; Mot. 4, ECF No. 25.) The sections read:

> **Section 343 Dangerous Conditions Known to or Discoverable by Possessor,**
>
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.
>
> **Section 343A Known or Obvious Dangers,**
>
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (2d) of Torts § 343, 343A (1965) (emphasis added).

Blazin Wings argues Mr. Critchfield lacks evidence that Blazin Wings should have expected Mr. Critchfield not to realize the danger or protect himself against it, section 343(b), and Blazin Wings should have anticipated the harm despite its obviousness, section 343A. (Mot. 10, ECF No. 25.) Accordingly, Blazin Wings concludes that Mr. Critchfield can present no evidence that would allow a rational jury to conclude Blazin Wings owed a duty of care with regard to the bathroom's condition. (*Id.*) When a "possessor did not owe a duty to protect the

invitee, the possessor commits no negligence." *Hale v. Beckstead*, 2005 UT 24, ¶ 23, 116 P.3d 263, 268. Mr. Critchfield disputes these points.

As to section 343(b) Mr. Critchfield argues he did not realize the water on the floor was also soapy—making it particularly slippery. (Opp'n 2, ECF No. 27.) With respect to section 343A, Mr. Critchfield argues that the soapy water did not present an open and obvious danger because he could not see the soapiness on the floor, and the "Caution Wet Floor" sign said nothing about soapiness. (*Id.* at 6-7.) Mr. Critchfield further argues that Blazin Wings should have expected customers to use the urinal, despite the caution sign. (*Id.* at 7.)

Under the Utah Supreme Court's interpretation of sections 343 and 343A, "a possessor of land must protect invitees against dangers of which they are unaware, may forget, or may reasonably encounter despite the obviousness of the danger." *Hale*, 2005 UT at ¶ 27. Most negligence claims do not lend themselves to summary judgment. *Jensen v. Gardner*, 2012 UT App. 146, ¶ 3, 279 P.3d 844 (quoting *Lyman v. Solomon*, 2011 UT App. 204, ¶ 3, 258 P.3d 647); *Lyman*, 2011 UT App at ¶ 3 (quoting *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 477 (Utah 1996)). However, "the existence of a legal duty in tort cases is a question of law for the court to determine." *Jensen*, 2012 UT App. at ¶ 3 (quoting *Lyman*, 2011 UT App. at ¶ 3); *Lyman*, 2011 UT App at ¶ 3 (quoting *Yazd v. Woodside Homes Corp.,* 2006 UT 47, ¶ 14, 143 P.3d 283). Therefore, the Court must determine the duty owed at the summary judgment stage unless it finds a disputed fact exists that would materially affect its determination of the duty owed.

In this case, Blazin Wings presented its customers with the danger of a wet, soapy floor in front of one urinal, marked by a yellow sign stating "Caution Wet Floor." The restroom contained one other urinal and a toilet. (Mot., Facts ¶ 1, ECF No. 25; Opp'n, Facts ¶ 1, ECF No.

9

27.) The Court finds no disputed issue as to these facts. Therefore, the Court must decide whether Blazin Wings owed Mr. Critchfield a duty to protect from this condition.

Without question, Blazin Wings knew of the condition. A duty to guard invitees, including Mr. Critchfield, from the condition of the soapy wet floor only attaches if Blazin Wings could reasonably expect invitees not to perceive the danger, to forget the danger, or to encounter the danger reasonably despite its obviousness. *Hale*, 2005 UT at ¶ 27. A person entering the bathroom could see the condition of the floor and could see the sign warning caution in light of a wet floor before proceeding to the urinal. (*See* Opp'n Facts ¶¶ 2-7, ECF No. 72 (acknowledging the visibility of the wetness and the sign).)

Mr. Critchfield's attorney stated at oral argument that Mr. Critchfield's testimony about the differences between a wet floor and a soapy wet floor, (Critchfield Dep. 129, 134, ECF No. 25-2), provides the evidence from which a jury could conclude Blazin Wings should have expected an invitee to "reasonably encounter" the wet area. Yet, the floor had "more water than you would expect to see on a public restroom floor indicating that either a toilet had overflowed or perhaps cleaning hadn't been finished." (*Id.* at ¶ 13; Reply, Facts ¶ 13, ECF No. 28.) Under the circumstances, Blazin Wings should expect an invitee to see the puddle. Thus the question becomes should Blazin Wings have expected an invitee not to walk around the puddle. *See* Rst. (2d) of Torts § 343(b). In *Jensen*, the court upheld summary judgment for the defendant when the plaintiff knew of the danger, a low hanging balcony, and had alternate routes to get to her car and alternate places to park her car. *Jensen*, 2012 UT App. ¶¶ 2, 6-8. Under those circumstances the court found the landowner "could not reasonably have anticipated" the plaintiff's actions.

With a puddle of liquid visible in front of one urinal, another unobstructed urinal and a toilet, a sign warning of wetness and the need for caution, Blazin Wings could not have

reasonably expected its invitees would choose to walk through unidentified liquid on a public bathroom floor rather than use the other available options to urinate. That Mr. Critchfield made that choice does not mean Blazin Wings should have anticipated it. Under *Hale*, landowners must only "take reasonable steps to protect invitees," meaning they must "adequately warn invitees" of "potentially unsafe conditions," but need not "fully remedy… such dangers." 2005 UT at ¶ 30.

Blazin Wings is open to the public, and thus under Restatement section 343A(2) it holds a greater obligation than a private landowner, such as the homeowner in *Lyman*, 2011 UT App. ¶¶ 1-2 for example, to anticipate harm from a known and obvious danger. In *Lyman*, a residential care provider sued the homeowner after falling while walking in the unpaved driveway in the dark. *Id.* ¶ 2. Of significance, the court noted the care provider had traversed the unpaved driveway in the dark many times, indicating her awareness of the danger. *Id.* at ¶ 5. While Blazin Wings has a greater obligation than a private landowner, Blazin Wings knew that its invitees, like the care provider in *Lyman* would know of the danger because of the posted sign. Additionally, Blazin Wings knew its invitees had alternatives available to them. Thus, even with a greater obligation, the facts facing Blazin Wings prior to Mr. Critchfield using the bathroom simply did not disclose a situation where an invitee would reasonably encounter the known risk.

Therefore, the Court finds under the undisputed facts, taken in a light most favorable to Mr. Critchfield, Blazin Wings owed him no duty regarding the puddle of soapy water on the floor in front of a urinal with a "Caution Wet Floor" sign in front of it. Where no duty exists, no negligence claim will lie. *Hale*, 2005 UT ¶ 23. Thus, the Court GRANTS the Motion for Summary Judgment.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Summary Judgment in favor of Blazin Wings.  SO ORDERED.

DATED this 12th day of May, 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge